# Order

Michigan Supreme Court
Lansing, Michigan

December 18, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

161159

PIONEER STATE MUTUAL INSURANCE
COMPANY,
      Plaintiff-Appellant,

and

OAK PARK IMAGING,
      Plaintiff,

v

VANETTA WRIGHT, DANA REYNARD
HARRIS, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
      Defendants-Appellees,

and

MENDELSON ORTHOPEDICS, PC, and
SYNERGY SPINE AND ORTHOPEDIC
SURGERY CENTER, LLC,
      Intervening Defendants-Appellees.

SC: 161159
COA: 347072
Macomb CC: 2015-002978-CZ

_____/

On order of the Court, the application for leave to appeal the February 11, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CLEMENT, J. (*concurring*).

I concur with the Court's order denying leave. I write separately simply to note that it seems to me that the equities of whether rescission will deny a plaintiff access to alternative sources of recovery may play out differently in the future than it did in this case. When this litigation began, it was at least an open question whether the "innocent-third-party rule" was still in effect, and that informed the litigation choices of both the plaintiff and defendant. This Court has since resolved that this rule is no longer in effect, see *Bazzi*

*v Sentinel Ins Co*, 502 Mich 390 (2018), which I tend to think may change the equitable calculus moving forward. I would note, for example, that the Court of Appeals here acknowledged that the claimants could have brought more insurers into the litigation to avoid the operation of the "one-year-back rule" of MCL 500.3145(1), and that doing so may even have been prudent, but not doing so was nevertheless excusable in equity given the state of the law when this litigation began. What was prudent but excusable here may be less excusable in the future now that the status of the innocent-third-party rule has been resolved—although this will presumably need to be balanced against avoiding duplicative "kitchen sink" pleading. As for insurers, now that they know that rescission is a potential remedy, in fairness and equity they should be encouraged to seek out such a remedy as soon as possible, to avoid prejudicing claimants. I would note that among the factors listed in *Farm Bureau Gen Ins Co v Ace American Ins Co*, 503 Mich 903, 906 (2018) (MARKMAN, C.J., concurring), and adopted by the Court of Appeals in this case, is the question of "the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured[.]" *Pioneer State Mut Ins Co v Wright*, 331 Mich App ___, ___ (2020) (Docket No. 347072); slip op at 7. It would, I think, be consistent with the spirit of this inquiry to add to it the question of the extent to which the insurer could have uncovered the subject matter of the fraud in a more timely manner after the litigation began, to see if it may equitably bear a degree of responsibility for the plaintiff's inability to recover against some other insurer.

MARKMAN, J., joins the statement of CLEMENT, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 18, 2020



Clerk

a1215